[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The apportionment defendant, Paul Pisani Landscaping, moves to strike the apportionment complaint filed by, Five Quarters Associates, LLC and Paul Kaplan, the apportionment plaintiffs. The apportionment defendant moves to strike the apportionment complaint on the ground that it is legally insufficient because a breach of the apportionment plaintiffs' nondelegable duty to keep their property reasonably safe is not apportionable. Although there is a split within the Superior Court with regard to this issue, this court has previously decided that a landowner's duty to keep his or her property reasonably safe is not apportionable. Falcon v. Deerfield Woods Condominium Assn., Superior Court, judicial district of New Haven, Docket No. CV 98 0418521 (December 18, 2000, Zoarski, J.). Although this court's decision in Falcon v.Deerfield Woods Condominium Assn. was issued before the Connecticut Supreme Court's decision in Gazo v. Stamford, 255 Conn. 245, 765 A.2d 505
(2001), Gazo has no affect on the substantive validity of the analysis inFalcon v. Deerfield Woods Condominium Assn.. Consequently, because this court has found that a landowner's nondelegable duty to keep his or her property safe is not apportionable, the apportionment complaint in the present case is legally insufficient. The apportionment defendant's motion to strike the apportionment complaint is therefore granted.
Howard F. Zoarski Judge Trial Referee CT Page 13062